# United States Court of Appeals for the Federal Circuit

---

USHIP INTELLECTUAL PROPERTIES, LLC,
*Plaintiff-Appellant,*

v.

UNITED STATES,
*Defendant-Appellee,*

AND

INTERNATIONAL BUSINESS MACHINES
CORPORATION,
*Third Party Defendant-Appellee.*

---

2012-5077

---

Appeal from the United States Court of Federal Claims in No. 08-CV-537, Judge Susan G. Braden.

---

Decided: May 8, 2013

---

CHARLES J. COOPER, Cooper & Kirk, PLLC, of Washington, DC, argued for plaintiff-appellant. With him on the brief was VINCENT J. COLATRIANO.

DAVID M. RUDDY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JOHN J. FARGO, Director, and SCOTT D. BOLDEN, Assistant Director. Of counsel on the brief was MICHAEL F. KIELY, United States Postal Service, Law Department, of Washington, DC. Of counsel was GARY LEE HAUSKEN.

JOHN M. DESMARAIS, Desmarais, LLP, of New York, New York, argued for third party defendant-appellee. Of counsel on the brief were STEVEN C. CHERNY, Kirkland & Ellis LLP, of New York, New York; JOHN C. O'QUINN, WILLIAM H. BURGESS and JOSEPH F. EDELL, of Washington, DC.

---

Before DYK, BRYSON, and MOORE, *Circuit Judges.*

MOORE, *Circuit Judge.*

Uship Intellectual Properties, LLC (Uship) appeals from the judgment of the Court of Federal Claims (CFC) that the United States (the government) and IBM Corporation (IBM) do not infringe certain claims of U.S. Patent Nos. 5,831,220 ('220 patent) and 6,105,014 ('014 patent). Uship challenges the CFC's construction of two disputed claim terms. Because we agree with the CFC's construction of one of the terms, we *affirm*.

## BACKGROUND

The two patents-in-suit are directed to systems and methods of processing packages for shipment. '220 patent, col. 1 ll. 16–22. According to the shared specification, the invention fills the need "for a system which accepts and stores items for subsequent pick-up by a

commercial carrier." *Id.* col. 2 ll. 2–3. Only claim 1 of the ’220 patent and claim 1 of the ’014 patent are at issue in this appeal. Both claims recite "[a] method of mailing parcels and envelopes using an automated shipping machine" in the preamble. The claims comprise several similar or identical steps, including "receiving payment information from a customer"; "receiving package type information identifying a parcel . . . to be mailed"; "printing a shipping label"; and "validating receipt of said parcel . . . as the parcel . . . for which said . . . label was printed." The parties do not dispute that the preamble is a claim limitation.

The central issue in this appeal is whether the claimed "validating" step can be carried out only by an automated shipping machine, or whether a human being may perform this step. The CFC held that "only an automated machine can perform" the validating step. *Uship Intellectual Props., LLC v. United States*, 98 Fed. Cl. 396, 449–50 (2011).[1] As the CFC explained on reconsideration, its construction was based on both the specification and the prosecution history. *See Uship Intellectual Props., LLC v. United States*, 102 Fed. Cl. 326, 330–31 (2011). After the CFC construed the claims, the parties stipulated to a final judgment of noninfringement. Uship appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

---

[1] The CFC also construed the term "storing" in ’014 patent claim 1 as "a function to be performed by the automated shipping machine, not a human." *Uship*, 98 Fed. Cl. at 450. Because construction of "validating" resolves this case, we need not reach the parties' arguments with regard to "storing."

DISCUSSION

Claim construction is an issue "exclusively within the province of the court." *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996). In construing a claim term, we must look at the term's "ordinary meaning in the context of the written description and the prosecution history." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc). "There are only two exceptions to this general rule: 1) when a patentee sets out a definition and acts as his own lexicographer, or 2) when the patentee disavows the full scope of a claim term either in the specification or during prosecution." *Thorner v. Sony Computer Entm't Am., LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012).

Uship argues that the plain language of the claims does not limit performance of the "validating" step to a machine. It contends that the specification supports validation by a machine *or* by a human attendant because it states that "validation may be accomplished in several different ways." '220 patent, col. 21 ll. 49–50. Uship argues that, while machine validation is important for some of the invention's embodiments, at least one embodiment describes a process where a "*retail clerk* validates receipt of the package and provides an appropriate receipt to a customer." *Id.* col. 25 ll. 3–5 (emphasis added). Uship contends that this embodiment establishes that a human being may carry out the validation step because the specification says that it is "substantially simplified" from analogous embodiments with greater machine involvement. *Id.* col. 25 l. 47. It argues that this "semi-attended" embodiment is fully consistent with the claim language, but the CFC's construction erroneously excluded it from the scope of the claims. *Id.* col. 25 l. 9.

Uship also argues that the CFC wrongly determined that the prosecution history supports limiting each step of the claims to performance by a machine. During prosecu-

tion of the parent application of the patents-in-suit, the examiner asserted that the pending method and apparatus claims covered two distinct inventions, and required the applicant to restrict the invention to either group of claims. The applicant traversed the restriction requirement, arguing that all of the claims were drawn to a single invention because the method claims "use an automated shipping machine as set forth in the preamble." J.A. 3197. The applicant argued that the method claims "specifically recite in the preamble . . . 'using an automated shipping machine' rather than specifically reciting at each step that the step is performed by the automated shipping machine." *Id.*

Uship contends that the prosecution history does not trump the express disclosure of attendant-performed validation in the specification because a response to a restriction requirement cannot give rise to prosecution disclaimer. It further argues that the applicant's statement regarding the preamble in that response can be plausibly interpreted to mean that *the entire method* cannot be performed by a human being, but that individual steps may. Uship contends that the applicant had no need to give up claim scope to overcome the restriction requirement because the examiner's objection rested on the erroneous assumption that the method claims could be carried out in their entirety without the aid of a machine. Uship thus contends that the response does not constitute a clear disavowal of claim scope.

The government and IBM (Appellees) counter that the language and context of the preamble raise a "strong presumption" that the preamble requires use of an automated machine for all of the steps, unless the step explicitly states otherwise. Gov. Br. 23. Appellees point out that, when the applicant wanted to indicate that a human actor was involved, it explicitly called out "an attendant." *E.g.*, '220 patent, claim 1. They argue that the claim language, which utilizes words such as "computing" and

"printing," suggests that each of the steps following the preamble must be performed by the automated shipping machine. Appellees note that the parties jointly stipulated that the "automated shipping machine" limitation is implicit in the "receiving," "weighing, "computing," "printing," and other steps, and assert that it does not make sense for the "validating" step to depart from this pattern.

Appellees argue that the restriction requirement response supports this conclusion because the applicant stated that the claim recites "using an automated shipping machine" in the preamble to avoid having to "specifically recit[e] at *each step* that the step is performed" by the machine. J.A. 3197 (emphasis added). They contend that the applicant "told the PTO—and the public—how the claims should be interpreted: the phrase 'using an automated shipping machine' was put in the preamble to signify that the automated shipping machine performs '*each step*.'" IBM Br. 52. Appellees note, however, that the prosecution disclaimer doctrine is not necessary to the disposition of the case because the applicant's representations simply confirm the proper scope of the "validating" step.

Appellees also contend that the specification provides no indication that the human attendant confirms that the package is the one "for which said . . . label was printed," as required by the claims. *E.g.*, '220 patent, claim 1. They argue that a human attendant cannot successfully carry out this "very important validation step," which ensures that the customer did not switch the package after printing the label. *Id.* col. 21 ll. 43–44. Appellees conclude that the "semi-attended" human-validation embodiment must therefore be unclaimed. Appellees also argue that the teachings of an "automated shipping machine" throughout the specification confirm that the machine limits the "validating" step.

We agree with the Appellees that the "validating" step is limited to an automated shipping machine. As an initial matter, however, we do not find persuasive Appellees' argument that the appearance of the phrase "using an automated shipping machine" in the preamble raises a presumption that every step of the claimed method must be performed by a machine. Our precedents provide no basis for this presumption. The plain meaning of "using an automated shipping machine" does not clarify whether the machine must be used in one, several, or all of the steps. The question of which steps of the claimed process must be performed by the machine will be answered by the claim language, the intrinsic record, and any relevant extrinsic evidence. *See Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc). We hold, however, that the CFC's construction, which limits "validating" to being performed by a machine, is correct because this result is mandated by the doctrine of prosecution disclaimer.

We find no support for Uship's proposition that prosecution disclaimer applies only when applicants attempt to overcome a claim rejection. Our cases broadly state that an applicant's statements to the PTO characterizing its invention may give rise to a prosecution disclaimer. *See, e.g., Hockerson-Halberstadt, Inc. v. Avia Group Int'l, Inc.*, 222 F.3d 951, 957 (Fed. Cir. 2000). Indeed, in our prosecution disclaimer inquiry, "we examine the entire prosecution history." *Seachange Int'l, Inc. v. C-Cor Inc.*, 413 F.3d 1361, 1372 (Fed. Cir. 2005). Thus, statements giving rise to a disclaimer may be made in response to a rejection over the prior art, but they may also take place in other contexts. For example, an applicant's remarks submitted with an Information Disclosure Statement can be the basis for limiting claim scope. *See Ekchian v. Home Depot, Inc.*, 104 F.3d 1299, 1304 (Fed. Cir. 1997). We hold that a patent applicant's response to a restriction requirement may be used to interpret patent claim terms or as a source of disclaimer.

Having resolved this threshold question, we proceed to examine whether the applicant's response to the restriction requirement in this case constitutes a clear and unmistakable disclaimer of claim scope. *See Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1326 (Fed. Cir. 2003). We hold that it does. The examiner required restriction of the method and apparatus claims based on a belief that the method claims could be carried out entirely by hand. Instead of arguing that the restriction was improper because the claims required that the machine perform at least one of the steps, the applicant stated that the claims "*specifically recite in the preamble* a method of mailing parcels . . . 'using an automated shipping machine' *rather than specifically reciting at <u>each step</u> that the step is performed by the automated shipping machine.*" J.A. 3197 (emphasis added). Thus, the applicant explicitly represented that reciting "using an automated shipping machine" in the preamble is equivalent to "specifically reciting" that phrase at *each step* of the method.

The fact that the applicant may have given up more than was necessary does not render the disclaimer ambiguous. The analysis focuses on what the applicant said, not on whether the representation was necessary or persuasive: "Regardless of the examiner's motives, arguments made during prosecution shed light on what the applicant meant by its various terms." *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1438 (Fed. Cir. 1988). In any event, the applicant's argument persuaded the examiner, who noted in the ensuing Office Action that the restriction requirement was overcome. From this exchange, a competitor would reasonably conclude that the applicant clearly and unmistakably limited all of the method claim steps to performance by an automated shipping machine except where the claim itself expressly requires an attendant. *See Insituform Techs., Inc., v. Cat Contracting, Inc.*, 99 F.3d 1098, 1107–08 (Fed. Cir. 1996).

We conclude that the specification contains at most a disclosure of a "semi-attended" embodiment where the confirmatory step performed by a human attendant may arguably fall within the meaning of "validating receipt of said parcel . . . as the parcel . . . for which said . . . label was printed" as recited in the claims. We do not see the conflict about which Uship complains. Even if the specification had disclosed an embodiment where a human performed the entirety of the validation step, prosecution disclaimer could result in that embodiment not being covered by the claims. *See, e.g.*, *North Am. Container, Inc. v. Plastipak Packaging, Inc.*, 415 F.3d 1335, 1345–46 (Fed. Cir. 2005) (excluding from claim scope certain embodiments based on prosecution disclaimer).

Because we agree with the CFC's construction of "validating," we affirm the CFC's grant of summary judgment of noninfringement with respect to the asserted claims.

**AFFIRMED**